# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MANETIRONY CLERVRAIN**                                                                          **PLAINTIFF**

v.                                    Case No. 4:20-cv-00369-KGB

**ALEYENDRO A. PADILLLA and DOES**                                                    **DEFENDANTS**

## ORDER

Plaintiff Manetirony Clervrain is presently confined at the Okmulgee County Jail–Moore Detention Facility in Okmulgee, Oklahoma. On April 1, 2020, Mr. Clervrain, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. No. 1) and a 225-page complaint against defendants Aleyendro A. Padillla and John Does (collectively, "defendants") entitled "Motion for Supplemental Injustice Adversely Affected ['the Ant's'] and for ['*Related Mater(s)*'] for Justification Act ('TAJA')" (Dkt. No. 2 (alterations in original)).

On April 3, 2020, United States Magistrate Judge Joe J. Volpe issued his Proposed Findings and Recommendations recommending that Mr. Clervrain's IFP application be denied and that his complaint be dismissed without prejudice (Dkt. No. 3). On April 15, 2020, Mr. Clervrain filed a document entitled "Letter for Extention and the Need for Proving the Judges is Inadequate, and for failure to consider his motion was for by the Massive issues Genocide Reform Act ('MICRA')" (Dkt. No. 4), which the Court construes as an objection to Judge Volpe's Proposed Findings and Recommendations. In the instant motion, Mr. Clervrain requests an "extension because the allegation by the court on the commendations is very complex" and that the Court "certify the case for Article III standing before amending the controversies cases." (*Id.*, at 1). Mr. Clervrain also requests more time to "prove that the ('PLRA') does not apply to him," and further requests that the Court send him a copy of the Local Rules, "the procedures for the Judicial

Misconduct Act" (presumably the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351–364), and "any other information that possibly will be helpful in the procedures of the controversies." (*Id.* at 1, 2).

After careful consideration of the Proposed Findings and Recommendations and Mr. Clervrain's objection thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Volpe's conclusions. The Court writes separately to address briefly Mr. Clervrain's objection.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may be barred from proceeding IFP by operation of the so-called "three-strikes rule," which provides that a prisoner cannot proceed IFP if:

> on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eighth Circuit has explained that, "[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citation and internal quotation marks omitted). Thus, "[a]llegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Because Mr. Clervrain has three strikes,[1] he cannot proceed IFP, unless he faces "imminent danger of serious physical harm." 28 U.S.C. § 1915(g). The Court agrees with Judge Volpe's conclusion that Mr. Clervrain has not sufficiently alleged or shown that he was in imminent danger of serious bodily harm when he filed his complaint. Thus, Mr. Clervrain is not entitled to proceed IFP, and the Court denies his IFP application.

Further, the Court has carefully reviewed Mr. Clervrain's pleadings and agrees with Judge Volpe's assessment of Mr. Clervrain's complaint, *i.e.*, that it "is . . nonsensical and contains a plethora of incomprehensible verbiage and phrases," and that "[i]t is impossible to determine what type of claims [Mr. Clervrain] is bringing and against whom they are brought." (Dkt. No. 3, at 5). What is clear, however, is that the allegations in Mr. Clervrain's complaint fail to state a claim upon which relief can be granted and will, therefore, be dismissed.

Turning to Mr. Clervrain's motion for copies, the Court will direct the Clerk of Court to send to Mr. Clervrain a copy of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas. However, with respect to Mr. Clervrain's request for "any other information that possibly will be helpful in the procedures of the controversies," the Court will not perform legal research for litigants, even *pro se* prisoners like Mr. Clervrain.

Accordingly, the Court adopts the Proposed Findings and Recommendations in their entirety as this Court's findings of fact and conclusions of law (Dkt. No. 3). The Court denies Mr. Clervrain's motion for leave to proceed IFP (Dkt. No. 1) and dismisses Mr. Clervrain's complaint

---

[1] *See Clervrain v. Coraway*, 786 F. App'x 1, 4 (5th Cir. 2019) ("Clervrain is . . . barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury."); *see also Clervrain v. Revell*, No. 18-3166-SAC, 2019 WL 1058156, at *2 (D. Kan. Mar. 6, 2019) (dismissing complaint for failure to state a claim upon which relief may be granted), *appeal dismissed*, No. 19-3067, 2019 WL 4839275 (10th Cir. July 9, 2019); *Clervrain v. Stone*, No. CV 318-028, 2018 WL 3939323, at *1 (S.D. Ga. Aug. 16, 2018) (same).

without prejudice (Dkt. No. 2).  The Court also denies Mr. Clervrain's motion (Dkt. No. 4), except that the Court directs the Clerk of Court to send to Mr. Clervrain a copy of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Dismissal of this action constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g).  Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an IFP appeal from the Order and Judgment entered in this case would not be taken in good faith.

It is so ordered this 21st day of January, 2021.

_____
Kristine G. Baker
United States District Judge